939 P.2d 1379

**Dewey TRIMBLE, Plaintiff–Appellant,**

v.

**Rex ENGELKING, Defendant–Respondent.**

**No. 22581.**

Supreme Court of Idaho,
Boise, February 1997 Term.

June 5, 1997.

Holland & Hart, Boise, for plaintiff–appellant. Steven B. Andersen argued.

Quane, Smith, Howard & Hull, Boise, for defendant–respondent. John P. Howard argued.

TROUT, Chief Justice.

This appeal arises from the dismissal of a personal injury action brought by Dewey Trimble against Rex Engelking for injuries sustained in an automobile accident.

## I.

### BACKGROUND AND PROCEDURAL HISTORY

On August 15, 1992, Trimble was seriously injured when a car driven by Engelking made a left turn and struck Trimble's truck. Engelking suffered serious injuries as well. Trimble's counsel contacted Engelking's insurer, Horace Mann Insurance Company (Horace Mann), to discuss Trimble's injuries. While these discussions were ongoing, Trimble learned that Engelking died in May 1993. On August 10, 1994, Trimble filed a complaint naming only Engelking (not Engelking's estate) as defendant. The complaint expressly acknowledged that Engelking was deceased but explained that the action was

brought pursuant to I.C. § 15–3–803(d) for the sole purpose of establishing the decedent's liability under the Horace Mann insurance policy. A copy of the complaint was given to Horace Mann. The record does not indicate upon whom the complaint was served.

The attorneys for the decedent Engelking filed an answer on November 15, 1994. On November 17, 1994, Engelking's estate, represented by the same counsel, filed a motion for judgment on the pleadings on the ground that a suit against a decedent is a nullity. On December 20, 1994, Trimble filed a motion to amend his complaint, seeking to add Engelking's estate and Val Dille, the estate's special administrator, as defendants (*hereinafter* referred to collectively as "the Estate"). The court granted the motion for judgment on the pleadings on the basis that the original complaint did not state a cause of action against an entity capable of being sued and thus "the original action in this case was a nullity." Because the original complaint was a nullity, the proposed amended complaint would have nothing to which it could relate back. Alternatively, the court found that even if the original complaint were valid, the requirements for amendment under I.R.C.P. 15(c) were not met so, again, the proposed amended complaint could not relate back to the date of the original filing and would therefore be time-barred. The court then dismissed Trimble's complaint with prejudice.

Trimble appeals, arguing first that the complaint was properly brought directly against Engelking pursuant to I.C. § 15–3–803. He also contends that the district court erred in adopting the nullity theory and in denying his motion to amend the complaint under I.R.C.P. 15(c).

## II.

### I.C. § 15–3–803

Trimble first argues that the action against decedent Engelking was properly brought under I.C. § 15–3–803(d)(2) of the probate code. This section is entitled "Limitations on presentation of claims." Subsection (d) provides:

> Nothing in this section affects or prevents:
>
> \*    \*    \*    \*    \*    \*
>
> (2) to the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance; ...

Admittedly, Trimble's purpose in bringing suit against Engelking was to establish decedent's liability under the Horace Mann insurance policy. His complaint states: "Defendant Rex Engelking is no longer living. This claim is brought pursuant to I.C. § 15–3–803(d) to establish liability of a decedent for a matter which is covered by liability insurance. The insurance carrier is Horace Mann Insurance Co."

Trimble's contention, however, that this statute authorizes or creates a cause of action directly against a decedent goes against a plain reading of both this section and the surrounding portion of the Idaho Code. The portion of the probate code in which this section is found addresses creditor's claims against the *estates* of decedents. Section 15–3–801 requires that the personal representative give proper notice to the estate's creditors, and § 15–3–802 deals with statutes of limitations for claims against a decedent's estate. Section 15–3–804 outlines the proper procedure for presenting claims against a decedent's estate. In addition, the other subsections of § 15–3–803 itself address claims brought specifically against decedents' estates.[1] Trimble points to the lack of the "decedent's estate" language in subsection (d)(2) as evidence that the legislature intended that subsection to create a cause of action against a decedent. In so arguing, however, Trimble ignores the context of subsection (d)(2). Although subsection (d)(2) provides that the statutes of limitations discussed in § 15–3–803 do not affect or prevent a suit to establish decedent's liability under an insurance policy, it does not state that a plaintiff

---

1. I.C. § 15–3–803(a) begins, "All claims against a decedent's estate...." Subsection (b) refers to the claims "described in subsection (a)," and subsection (c) also begins, "All claims against a decedent's estate...."

can directly sue a decedent, as opposed to his estate, to prove such liability. There is thus no support for Trimble's interpretation that subsection (d)(2) creates a cause of action directly against a decedent. *See Hamilton v. Blackman*, 915 P.2d 1210, 1215 (Alaska 1996) (holding that the analogous probate section as codified in Alaska does not create a cause of action directly against decedent). We hold that I.C. § 15–3–803 does not authorize suits brought directly against decedents.

## III.

### NULLITY THEORY

■■■ I.R.C.P. 12(c)[2] governs motions for judgment on the pleadings. By its terms, Rule 12(c) treats such motions similarly to motions for summary judgment. Thus, the standard of review applicable to lower courts' rulings on motions for summary judgment also applies to motions for judgment on the pleadings. *See Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995) (applying standard of review equivalent to the summary judgment standard to lower court's dismissal on the pleadings for failure to state a claim under I.R.C.P. 12(b)(6)). In motions for summary judgment where the record reveals no issues of disputed fact, the question is one of law. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). In this case, both parties agree that the named defendant, Rex Engelking, is deceased; no issue of fact exists on this point. The issue in this case, then, the effect of a decedent being named as defendant, is a question of law over which this Court exercises free review. *Id.*, 887 P.2d at 30.

In support of the dismissal of Trimble's complaint, the Estate argues that a suit against a decedent is a nullity because dead persons are not legal entities capable of being sued. This rule is known as the nullity theory. Furthermore, under this theory, a complaint against a decedent cannot be amended to add the decedent's estate as defendant because there is nothing to amend, nor is there anything to which it can relate back; the original complaint was a legal nullity and never existed. *See Bricker v. Borah*, 127 Ill.App.3d 722, 82 Ill.Dec. 707, 469 N.E.2d 241 (1984); *Mitchell v. Money*, 602 S.W.2d 687 (Ky.Ct.App.1980); *Mercer v. Morgan*, 86 N.M. 711, 526 P.2d 1304 (App. 1974).

■■■ Idaho has not adopted the nullity theory, and we see no good reason to do so now. The nullity rule is a remnant of an earlier era of strict pleading requirements. Adopting such a rule, and thereby precluding amendment and relation back where a party is improperly named, would frustrate the purpose of our modern rules of pleading which seek to promote the resolution of disputes on their merits rather than to bar suit based on antiquated pleading requirements. *See* I.R.C.P. 1(a) ("These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding."). The courts can resolve more fairly problems stemming from improperly named defendants by applying I.R.C.P. 15(c).[3] We thus decline to adopt the nullity rule in Idaho and hold that, where a party has been named improperly, amendment and

**2.** I.R.C.P. 12(c) provides:
  After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**3.** I.R.C.P. 15(c) provides:
  Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempt-

ed to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. . . .

relation back should be allowed where the requirements of I.R.C.P. 15(c) are met.

## IV.

### I.R.C.P. 15(c)

We interpret the district court's decision dismissing the complaint and denying Trimble's motion to amend as based on the nullity theory, which we decline to adopt. It must therefore be determined whether Trimble met the requirements of I.R.C.P. 15(c) for amendment of the complaint and relation back to the date of the original filing. The decision to grant or deny a party's motion to amend a pleading is left to the trial court's discretion, and we will not reverse such a ruling absent an abuse of this discretion. *Jones v. Watson,* 98 Idaho 606, 610, 570 P.2d 284, 288 (1977). While the court below did discuss Rule 15(c) in its decision, we conclude that it did not fully explore its exercise of discretion under that Rule. We thus remand for a consideration of whether Trimble has met the requirements of Rule 15(c).

## V.

### CONCLUSION

We hold that I.C. § 15–3–803 does not authorize a plaintiff to bring a cause of action directly against a decedent. We further decline to adopt the nullity theory in Idaho and hold that, where a party has been named improperly, amendment and relation back shall be allowed where the requirements of I.R.C.P. 15(c) are met. We thus vacate the district court's order dismissing Trimble's complaint and remand for a determination of whether he has met the requirements of I.R.C.P. 15(c), which would allow amendment of the complaint to include the Estate as defendant and relation back to the date of the original filing.

JOHNSON, McDEVITT, SILAK and SCHROEDER, JJ., concur.