974 P.2d 93

**Michael DAMIAN, an individual, Plaintiff–Appellant,**

v.

**ESTATE OF Mark PINA, deceased, and Iver J. Longeteig, special administrator of said estate, Defendant–Respondent.**

**and**

**Magic 93 Limited, a Colorado Limited Partnership, dba Magic 93.1. Boise, Ltd., a Colorado Limited Partnership, PTI Broadcasting, Inc., an Oregon corporation, Mike Kasper, and John Does I through X. Defendants.**

No. 24290.

Court of Appeals of Idaho.

Feb. 23, 1999.

Derr & Associates, Boise, for appellant. Lawrence G. Sirhall, Jr. argued.

Saetrum Law Offices, Boise, for respondent. Rodney R. Saetrum argued.

LANSING, Judge.

This is an appeal from the district court's order dismissing the plaintiff's cause of action against the estate of Mark Pina on the ground that the claim was time barred. We affirm.

## PROCEDURAL HISTORY

On August 6, 1994, Michael Damian was performing on stage when he was physically attacked by Mark Pina. On May 30, 1996, Damian filed a lawsuit against multiple defendants, including Pina, for injuries he allegedly suffered as a result of the attack. Sometime thereafter, Damian learned that Pina had died in September, 1995. Damian promptly served his complaint on the defendants other than Pina. On October 17, 1996, Mark Pina's mother, Janice Pina, was served with a subpoena for a deposition in the action. Her deposition was taken in December 1996, at which time the claim against her deceased son was discussed. In February 1997, Damian served the summons and complaint on Janice Pina, identifying her as the representative of the estate of Mark Pina. However, there had not actually been an appointment of a personal representative of the Mark Pina estate, and the parties therefore stipulated that the attempted service on Janice was improper. Thereafter, the court appointed a special administrator for the Mark Pina estate, and on July 31, 1997, Damian filed an amended complaint substituting the estate as a defendant in place of the decedent. This amended complaint was served on the special administrator who then filed a motion pursuant to Idaho Rule of Civil Procedure 12(b)(6) to dismiss the claim on

the ground it was barred by the statute of limitation. The district court granted the motion, and this appeal followed.

## ANALYSIS

### A. Standard of Review

Because the court considered evidence outside the pleadings in ruling on the estate's motion, we treat the motion as one for summary judgment. I.R.C.P. 12(b); *Gardner v. Hollifield,* 97 Idaho 607, 609, 549 P.2d 266, 268 (1976); *Green v. Gough,* 96 Idaho 927, 928, 539 P.2d 280, 281 (1975).

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). When assessing a motion for summary judgment, all controverted facts are to be liberally construed, and all reasonable inferences are to be drawn, in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.,* 125 Idaho 872, 876 P.2d 154 (Ct.App.1994). On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986).

### B. Statute of Limitations

Damian's claim is for personal injuries and is therefore subject to the two-year statute of limitation of Idaho Code § 5–219(4). *See also* I.C. § 15–3–803(a) (1991). This limitation period expired on August 6, 1996, nearly one year before the filing of the amended complaint in which the estate was first named a party defendant. Therefore, the claim against the estate is time-barred unless it relates back to the date of filing of the original complaint.

The relation back of amended pleadings for statute of limitation purposes is governed by Idaho Rule of Civil Procedure 15(c), which provides in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

This rule applies when a decedent has been erroneously named as a defendant and the complaint is subsequently amended to substitute the decedent's estate as a party. Our Supreme Court considered precisely such a circumstance in *Trimble v. Engelking,* 130 Idaho 300, 302–03, 939 P.2d 1379, 1381–82 (1997). In that case, the estate, which had been added as a defendant in an amended complaint filed after the limitation period had expired, argued that the original complaint naming a deceased person as a defendant was a nullity and hence there was no pleading to which the amended complaint could relate back. The Idaho Supreme Court rejected this nullity theory and held that the amended pleading *could* relate back to the filing of the original complaint which identified the decedent as a defendant. However, the Court also stated that the relation back would occur only if the criteria of Rule 15(c) were satisfied. The case was remanded to the trial court for determination whether those relation back requirements were met. *Id.* at 303, 939 P.2d at 1382.

The provision of Rule 15(c) making relation back conditional upon the newly added defendant having received notice of the action "within the period provided by law for commencing the action against the party," means that such notice must have been received before the statute of limitation expired. *Hoopes v. Deere & Co.,* 117 Idaho 386, 389, 788 P.2d 201, 204 (1990). Therefore, Damian's claim against the Mark Pina

estate was preserved only if the estate received notice of the action before August 6, 1996.

Damian has provided no evidence of such notice. He points out that the decedent's mother became aware of the action on October 27, 1996 when she was subpoenaed for a deposition or, at the latest, on December 4, 1996, when the deposition was taken. However, these occurrences do not satisfy the Rule 15(c) standard even if we assume that notice to the mother of a decedent would constitute notice to the estate, for the earliest of these events occurred more than two months after the expiration of the limitation period.

Damian also argues that Rule 15(c) is inapplicable and that it is I.R.C.P. 17(a), instead, under which the timeliness of his amended complaint should be evaluated.[1] This argument is misguided, for Rule 17(a) addresses the substitution of parties *plaintiff*, not parties *defendant*. That rule requires that an action be *prosecuted* in the name of the real party in interest and provides for the substitution of the real party in interest where an incorrect plaintiff or claimant was originally named. The rule specifies that when there has been an objection that the plaintiff or claimant is not the real party in interest, the action may not be dismissed on that ground until a reasonable time has been allowed after the objection for substitution of the real party in interest. The purpose of this provision is to avoid the forfeiture of an action when the determination of a party plaintiff is difficult or when an understandable mistake has been made in selecting the party plaintiff. *Conda Partnership, Inc. v. M.D. Constr. Co.*, 115 Idaho 902, 771 P.2d 920 (Ct.App.1989). *See also* FED.R.CIV.P. 17(a) advisory committee's note to the 1966 amendment. Rule 17(a) simply has no bear-

ing upon the amendment of a complaint to bring in a new defendant.

The criteria of I.R.C.P. 15(c) for relation back were not satisfied here. Damian's claim against the estate of Mark Pina was therefore properly dismissed because it is barred by the statute of limitation.

## C. Attorney Fees on Appeal

The estate has requested an award of attorney fees on appeal pursuant to I.C. § 12–121 and Idaho Appellate Rule 41. Such an award is appropriate when the court is left "with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979); *Ashby v. Western Council, Lumber Production and Industrial Workers*, 117 Idaho 684, 688, 791 P.2d 434, 438 (1990). We think this standard for an award of fees is satisfied here. Damian's appellate argument asks this Court to disregard the plainly governing civil rule, I.R.C.P. 15(c), and to instead apply the plainly inapplicable I.R.C.P. 17(a). Damian has made no colorable argument that the criteria of Rule 15(c) were satisfied with respect to his claim against the Mark Pina estate. Accordingly, we award attorney fees on appeal to the estate in an amount to be determined as provided by I.A.R. 41(d).

The district court's judgment dismissing this action as against the estate of Mark Pina is affirmed. Costs and attorney fees on appeal to respondent.

Chief Judge PERRY and Judge SCHWARTZMAN, CONCUR.

---

1. Idaho Rule of Civil Procedure 17(a) provides:
   Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, personal representative, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in this capacity without joining the party for whose benefit the action is brought; and when a statute of the state of Idaho so provides, an action for the use or benefit of another shall be brought in the name of the state of Idaho. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.