25 P.3d 129

Cynthia Bernice NOREEN,
Plaintiff–Appellant,

v.

PRICE DEVELOPMENT COMPANY
LIMITED PARTNERSHIP, d/b/a Grand
Teton Mall, a partnership doing busi-
ness in the State of Idaho, Defendant–
Respondant.

No. 26005.

Court of Appeals of Idaho.

May 23, 2001.

Jenkins Law Office, Chartered, Idaho Falls, for appellant. Gordon W. Jenkins argued.

Jones, Gledhill, Hess, Andrews, Fuhrman, Bradbury & Eiden, P.A., Boise, for respondent. Phil E. De Angeli argued.

LANSING, Judge.

This appeal requires that we determine whether a partnership's failure to properly file a certificate of assumed business name renders the partnership absent from the state for purposes of service of process and thereby tolls the statute of limitation on a claim against the partnership. We hold that it does not, and we therefore affirm the district court's judgment dismissing the plaintiff's action because it is barred by the statute of limitation.

## FACTS AND PROCEDURAL HISTORY

Cynthia Noreen was injured on January 28, 1997, when she slipped and fell on ice in the parking lot of the Grand Teton Mall in Idaho Falls. On January 26, 1999, two days before the statute of limitation on her claim would expire, she filed a complaint naming as defendants "Grand Teton Mall" and a company that allegedly was responsible for snow removal in the mall's parking lot.[1] The complaint was served on the general manager of the Grand Teton Mall, at his office in the mall, on January 29, 1999. The legal entity that owned the mall, Price Development Company Limited Partnership (Price), was not named as a defendant in the complaint. "Grand Teton Mall" filed a motion to dismiss the claim against it under Idaho Rule of Civil Procedure 12(b)(4) for insufficiency of process. The motion and supporting affidavits asserted that Grand Teton Mall was not a legal entity which could be sued and that the owner of the mall, Price, had not been named as a defendant or served with process. In opposition to the motion to dismiss, Noreen submitted the affidavit of Dale Castrillo, an employee of the law firm representing Noreen. Castrillo's affidavit stated that on April 27, 1999, he telephoned the office of the Idaho Secretary of State to inquire whether there was a certificate of assumed business name on file under the name of Grand Teton Mall. He was told that there was no such filing, nor any certificate of other assumed business name filed by Price. The affidavit also stated that Castrillo then telephoned the county recorder of Bonneville County (in which Idaho Falls is located) to make the same inquiry. He was told that Price had recorded in that office a certificate for the assumed business name "Grand Teton Mall" in 1981 and again in 1989.

On May 11, 1999, the district court granted the dismissal motion on the basis that Grand Teton Mall was not a legal entity and there-

---

1. The claim against the snow removal company is not at issue in this appeal.

fore not a properly designated defendant. The court noted that no attempt had been made to amend the complaint to designate an appropriate defendant.

Noreen then filed an amended complaint on June 7, 1999, naming Price as a defendant. Price responded with a motion for summary judgment, asserting that the claim against it was barred by the two-year statute of limitation for personal injury actions, Idaho Code § 5-219(4). The district court, on August 12, issued a memorandum decision granting Price's motion for summary judgment. However, on August 26, before a judgment was entered pursuant to I.R.C.P. 58(a), Noreen filed a motion for reconsideration. The motion for reconsideration asserted that because Price had not filed a certificate of an assumed business name with the Secretary of State on or before January 1, 1999, as required by I.C. § 53-504, the statute of limitation should be tolled as to Price.

Attached to Noreen's motion for reconsideration was the affidavit of Alan Barber, an attorney appearing for Noreen. In his affidavit, Barber asserted that before filing the original complaint, he had made several attempts to identify the legal entity that owned the Grand Teton Mall. These efforts included telephoning the offices of the Secretary of State and the Bonneville County Recorder to determine whether a certificate of assumed business name had been filed for "The Grand Teton Mall." According to the affidavit, Barber was told by both offices that no such certificate was on file,[2] and he then prepared the complaint using the mall's name as the designation of the defendant.

Price filed a motion to strike Barber's affidavit on the ground that the order granting the motion for summary judgment, having disposed of all the issues in the case, was a final judgment and that the district court was therefore prohibited from considering new or additional evidence in conjunction with a motion for reconsideration. The district court denied the motion to strike and considered the Barber affidavit under I.R.C.P. 11(a)(2) in ruling upon the reconsideration motion. However, the district court

denied Noreen's motion. The court held that Price's failure to properly file a certificate of assumed business name with the Secretary of State did not affect the statute of limitation on Noreen's claim against Price.

Noreen appeals. She contends that her amended complaint is timely because it dates back to the filing of her original complaint and, alternatively, that Price's failure to file a certificate of assumed business name with the Secretary of State rendered Price absent from the state for purposes of I.C. § 5-229 and thereby tolled the statute of limitation.

## ANALYSIS

Summary judgment may be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ." I.R.C.P. 56(c). *See also Kelso v. Lance,* 134 Idaho 373, 375, 3 P.3d 51, 53 (2000); *Karterman v. Jameson,* 132 Idaho 910, 913, 980 P.2d 574, 577 (Ct.App.1999). On review, this Court liberally construes the evidence in favor of the party opposing the motion and draws all reasonable inferences in that party's favor. *Kelso, supra; McKay v. Owens,* 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997). However, if the material facts are determined to be undisputed, then the question whether one party is entitled to judgment is an issue of law upon which we exercise free review. *Miller v. Bd. of Trustees,* 132 Idaho 244, 246, 970 P.2d 512, 514 (1998).

### A. Relation Back Under I.R.C.P. 15(c)

 Noreen's amended complaint, which added Price as a defendant, was filed on June 7, 1999, more than four months after the statute of limitation had expired on her claim. Nevertheless, the claim against Price would not be time barred if it related back to the filing of the original complaint pursuant to I.R.C.P. 15(c). Rule 15(c) provides that an amended pleading that changes the party against whom a claim is asserted will relate back to the date of the original pleading if

---

**2.** There is no explanation in the record for the conflicting information allegedly given to Dale Castrillo and Alan Barber during their separate calls to the Bonneville County Recorder's office.

the amended pleading (1) arose out of the same conduct, transaction or occurrence referenced in the original pleading, (2) the party to be brought in by the amendment received notice of the institution of the action within the limitations period and would not be prejudiced in maintaining a defense on the merits, and (3) within the limitation period the party to be brought in knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been initiated against that party in the first instance.[3] If the notice requirements of Rule 15(c) have not been satisfied, relation back will not be allowed. *See Trimble v. Engelking*, 130 Idaho 300, 302–03, 939 P.2d 1379, 1381–82 (1997); *Hoopes v. Deere & Co.*, 117 Idaho 386, 389–90, 788 P.2d 201, 204–05 (1990); *Damian v. Estate of Pina*, 132 Idaho 447, 449–450, 974 P.2d 93, 95–96 (Ct.App. 1999).

■ These relation back criteria might have been satisfied if Noreen's original complaint had been served on the manager of the mall before the statute of limitation expired, thereby giving notice to Price, through its agent, that the action had been initiated. However, the service on the mall manager did not occur until one day after the statute of limitations had run. Thus, Price did not receive notice of the action within the limitation period and could not have known during that period that, but for a mistake in identifying the proper party, the action would have been brought against it. Therefore, the second and third criteria for relation back under Rule 15(c) are not satisfied here.

## B. Price's Failure to File Certificate of Assumed Business Name

Noreen next argues that the statute of limitation on her claim against Price should be tolled because, as of the filing of her complaint, Price had not complied with I.C. § 53–504, which requires that persons or entities conducting business under an assumed business name file a certificate of assumed business name with the Secretary of State. Noreen contends that Price should be deemed to have been "out of state" during this period of noncompliance, for purposes of applying a tolling statute, I.C. § 5–229.

This argument was first presented to the district court through Noreen's motion for reconsideration of the court's summary judgment decision. Price asserts that we should not consider the issue because it is based upon Alan Barber's affidavit which, according to Price, should have been stricken by the district court. Thus, before addressing Noreen's tolling argument, we must first determine whether the district court correctly considered the Barber affidavit.

### 1. Admissibility of Barber Affidavit

■ The district court treated Noreen's motion for reconsideration of its August 12, 1999, summary judgment decision as a motion for reconsideration of an interlocutory order under I.R.C.P. 11(a)(2)(B). The district court deemed the Barber affidavit to be properly presented because, in deciding a motion presented under Rule 11(a)(2)(B), a trial court may consider new or additional facts presented with the motion. *See Coeur d'Alene Mining Co. v. First Nat'l Bank*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990). Price argues, however, that Noreen's motion for reconsideration sought relief not from an interlocutory order but from a final judgment. A motion to alter or amend a judgment is governed by Rule 59(e). Because proceedings under that rule are to afford the trial court the opportunity to correct errors of fact or law that occurred in its proceedings, a Rule 59 motion "must of necessity, . . . be directed to the status of the case as it

---

3. Rule 15(c) states in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

existed when the court rendered the decision upon which the judgment is based." *Id.* (quoting *Lowe v. Lym,* 103 Idaho 259, 263, 646 P.2d 1030, 1034 (Ct.App.1982)). Hence, if Noreen's motion for reconsideration is treated as a motion for relief from an interlocutory order under Rule 11(a)(2)(B), Barber's affidavit was appropriately considered by the trial court, but if the motion sought to alter or amend a final judgment under Rule 59(e), Price's motion to strike the affidavit should have been granted.[4]

■ The question whether it is Rule 11(a)(2)(B) or Rule 59(e) that applies here is resolved by our Supreme Court's decision in *Idaho First Nat'l Bank v. David Steed & Assoc., Inc.,* 121 Idaho 356, 825 P.2d 79 (1992). In that case, the plaintiff bank filed a motion for summary judgment seeking dismissal of Steed's counterclaims and a deficiency judgment on the bank's mortgage foreclosure complaint. The district court entered an order which granted the bank's motion and directed the bank's counsel to prepare a judgment for the court's signature. Defendant Steed filed a motion for reconsideration, together with a supporting affidavit, before the anticipated formal judgment was entered. The Idaho Supreme Court concluded that Steed's motion was brought under Rule 11(a)(2)(B), and the supporting affidavit was therefore admissible. The Court explained:

> Until a judgment had been entered or a certificate granted by the trial court pursuant to I.R.C.P. 54(b), the order dismissing DSA's counterclaim was not final and appealable. Therefore, it was incorrect for the trial court to strike the banking expert's affidavit, which attached the Bank's loan manual.
>
> ... The order granting summary judgment was an interlocutory order, not a final order. DSA's motion should have been considered as a motion to reconsider an interlocutory order pursuant to I.R.C.P. 11(a)(2)(B). The trial court should have considered the affidavit ... to determine whether there was any genuine issue of

material fact that would prevent the trial court from granting summary judgment. *Id.* at 361, 825 P.2d at 84. Thus, *Steed* establishes that until entry of a final judgment or a Rule 54(b) certificate, an order for summary judgment must be considered interlocutory and subject to reconsideration under I.R.C.P. 11(a)(2)(B). *See also Hunting v. Clark County Sch. Dist. No. 161,* 129 Idaho 634, 637, 931 P.2d 628, 631 (1997), which held that an order granting a motion for summary judgment was not a "judgment."

In addition, Rule 58(a), I.R.C.P., requires that a judgment "be set forth on a separate document." Here, when Noreen's motion for reconsideration was filed, the district court had entered only a memorandum decision and order granting summary judgment, not a final judgment. Therefore, Noreen was requesting reconsideration of an interlocutory order, and the district court properly considered the Barber affidavit.

### 2. Application of I.C. § 53–501, *et seq.* and § 5–229

■ We proceed then with consideration of Noreen's argument, made for the first time in her motion for reconsideration, that the statute of limitation should be tolled because Price was not in compliance with statutory requirements for filing a certificate of assumed business name in January 1999 when Noreen filed her complaint.

Noreen relies upon I.C. § 53–504(1), which provides, "Any person who proposes to or intends to transact business in Idaho under an assumed business name shall, before beginning to transact business, file with the secretary of state a certificate of assumed business name in a form prescribed by the secretary of state." This statute is part of the Assumed Business Names Act of 1997, I.C. § 53–501, *et seq.* (the Act). With the adoption of the Act, the Idaho legislature rescinded a prior statutory scheme which had required that such certificates be filed with the recorder of the county or counties where the business was conducted. 1996

---

**4.** New evidence may be considered on a motion for relief from a final judgment under I.R.C.P. 60(b). However, Noreen does not contend that her motion was made under 60(b) nor that the grounds for her motion would satisfy the criteria of that rule.

Idaho Sess. Laws, ch. 218, § 1. The Act took effect on January 1, 1997, but provided for a transition period until January 1, 1999, during which certificates of assumed business name recorded with a county recorder would continue to be effective. I.C. § 53–511. Anyone transacting business under an assumed business name on or after January 1, 1999, however, was required to have a certificate on file with the Secretary of State. I.C. § 53–511(3). It is undisputed that although Price had filed a certificate of assumed business name with the county recorder, Price was out of compliance with the statutory requirements in January 1999 when Noreen filed her complaint.

The only remedies for or consequences of noncompliance prescribed in the Act itself are those provided in § 53–509. That section specifies that a person transacting business under an assumed business name without having complied with the Act may not maintain any legal action in the courts of this state until the required certificate has been filed, and "any person who suffers a loss because of another person's noncompliance with the requirements of this chapter shall be entitled to recover damages in the amount of the loss, and attorney fees and costs incurred in connection with the recovery of the damages." Tolling of the statute of limitation on a claim against a noncomplying business is not a remedy provided by the legislation.

Noreen argues, however, that a person or entity using an assumed business name without complying with I.C. § 53–504 should be deemed absent from the state of Idaho, and the statute of limitation therefore tolled, pursuant to I.C. § 5–229. That statute provides:

If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.

We find Noreen's argument for application of § 5–229 to be unmeritorious. The Idaho Supreme Court has interpreted that statute to toll the statute of limitation only "during the time that a defendant was unavailable for service of process because the defendant was absent from the state...." *Lipe v. Javelin Tire Co., Inc.,* 96 Idaho 723, 726, 536 P.2d 291, 294 (1975). *See also Stonecipher v. Stonecipher,* 131 Idaho 731, 736, 963 P.2d 1168, 1173 (1998); *Tetzlaff v. Brooks,* 130 Idaho 903, 905, 950 P.2d 1242, 1244 (1997); *Butterfield v. MacKenzie,* 132 Idaho 62, 64–65, 966 P.2d 658, 660–61 (Ct.App.1998). In the present case, uncontroverted evidence establishes that at all times since December 1993, Price had on file with the Secretary of State a designation of registered agent authorized to receive service of process. Therefore, Price was not unavailable for service of process and was not "out of the state." Price's failure to properly file a certificate of assumed business name may have made it more difficult for Noreen to readily identify the owner of the Grand Teton Mall, but it did not render Price unavailable for service. The district court correctly rejected Noreen's contention that Price's failure to file a certificate of assumed business name implicated the statute of limitation tolling provisions of I.C. § 5–229.

## C. Attorney Fees

■ Price requests a grant of attorney fees on appeal pursuant to I.C. § 12–121. Such an award may be made when this Court is left "with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(e)(1). *See also Ashby v. W. Council, Lumber Prod. & Indus. Workers,* 117 Idaho 684, 688, 791 P.2d 434, 438 (1990); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Noreen's appeal cannot be so characterized. She has presented a question of first impression as to the ramifications of a violation of the Assumed Business Names Act. Accordingly, we decline to award attorney fees on appeal.

## CONCLUSION

Noreen's amended complaint was filed beyond the limitation period and did not relate

back under I.R.C.P. 15(c). Price's failure to file a certificate of an assumed business name with the Secretary of State did not render Price absent from the state for purposes of tolling the statute of limitation under I.C. § 5–229. Therefore, the judgment dismissing Noreen's action is affirmed. Costs to respondent.

Chief Judge SCHWARTZMAN and Judge PERRY, CONCUR.