184 P.3d 852

**Marilou N. WINN, Plaintiff–Appellant,**

v.

**Wayne CAMPBELL dba Home Hotel and Motel, Defendant–Respondent.**

No. 34142.

Supreme Court of Idaho, Pocatello, April 2008 Term.

May 2, 2008.

Nick L. Nielson, Pocatello, for appellant.

Douglas J. Balfour, Chartered, Pocatello, for respondent.

J. JONES, Justice.

Marilou Winn slipped and fell on an icy exterior staircase at a hotel in Lava Hot Springs. She sued Wayne Campbell, dba Home Hotel and Motel, the party she thought operated the hotel, only to discover later the hotel was operated by a corporation. Campbell filed a motion for summary judgment against Winn, contending he was not personally liable to Winn. Winn filed a motion to amend her complaint in order to name the correct party. The district court granted the motion for summary judgment and denied Winn's motion to amend because the correct party did not receive notice of the suit within the two-year statute of limitations. Winn appealed to this Court, and we affirm.

## I.

Marilou Winn stayed at a hotel in Lava Hot Springs on January 17, 2004. When she attempted to ascend the exterior stairway to her room that evening, she slipped and fell down the stairway twice because it was covered with ice and snow.

On December 29, 2005, Winn's attorney sent letters to the registered agent and to the "owner" of the hotel where Winn thought she fell—the Home Hotel and Motel. The letters advised of Winn's accident and a potential lawsuit.

On January 13, 2006, Winn filed a lawsuit against Wayne Campbell, dba Home Hotel and Motel, seeking recovery for her injuries. Winn served Campbell almost six months later, on July 10, 2006. Unbeknownst to Winn when she filed suit, Winn fell at the Tumbling Waters Motel, not at the Home Hotel. Winn's hotel room was registered through Home Hotel, but the room was at Tumbling Waters Motel. Both hotels are in

Lava Hot Springs, and both are operated by Campbell, Inc. Campbell is the President and sole shareholder of Campbell, Inc.

Campbell filed for summary judgment, asserting Campbell, Inc., was the entity that leased and operated Tumbling Waters Motel and Home Hotel, and that he personally had no involvement in the activities that formed the basis of Winn's complaint. Winn filed a motion to amend her complaint, attempting to substitute Campbell, Inc., as the defendant. After two hearings before the district court and extensive briefing, the district court issued a written decision holding that Campbell could not be held personally responsible for Winn's fall, that the statute of limitations (I.C. § 5–219(4)) prohibited Winn from amending her complaint, that I.C. § 53–509 did not toll the statute of limitations, and that Campbell, Inc., was not estopped from asserting the statute of limitations defense. Winn appealed to this Court.

## II.

This case presents three questions: (1) whether a plaintiff can amend a pleading to reflect the correct party as defendant when she failed to provide notice to that party within the period of the statute of limitations; (2) whether the failure of Campbell, Inc., to comply with the Assumed Business Name Act, particularly I.C. § 53–504, should have tolled the statute of limitations; and (3) whether Campbell, Inc., should be equitably estopped from asserting a statute of limitations defense.

### A.

■ When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion. *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho R. Civ. P. 56(c). If there is no genuine issue of material fact, "only a question of law remains, over which this Court

exercises free review." *Watson*, 141 Idaho at 504, 112 P.3d at 792.

■ The trial court's decision to deny a motion to amend a pleading is discretionary. *Trimble v. Engelking*, 130 Idaho 300, 303, 939 P.2d 1379, 1382 (1997) (citing *Jones v. Watson*, 98 Idaho 606, 610, 570 P.2d 284, 288 (1977)). This Court uses a three factor test to determine whether the trial court abused its discretion. Our inquiry is: (1) whether the trial court correctly perceived the issue as discretionary; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Ramos v. Dixon*, 144 Idaho 32, 35, 156 P.3d 533, 536 (2007).

### B.

Winn filed her complaint against Wayne Campbell, dba Home Hotel and Motel. However, the location where Winn fell was not the Home Hotel; instead, it was the Tumbling Waters Motel. Both hotels, although owned by separate parties, are operated by Campbell, Inc., not by Wayne Campbell personally. Winn does not dispute that she filed her original complaint against the wrong party. Instead, she alleges that the district court interpreted the relation-back rule too narrowly, and that justice demands she be allowed to amend her complaint.

At issue is Idaho R. Civ. P. 15(c), the relation-back rule. This Court has described the rule as follows:

[A]n amendment changing the party against whom a claim is asserted will relate back to the date of the original pleading if: (a) the claim arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (b) within the period provided by law for commencing the action against the new party, he received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits; and (c) within the period provided by law for commencing the action against

the new party, he knew or should have known that the action would have been brought against him, but for a mistake concerning the identity of the proper party.

*Wait v. Leavell Cattle, Inc.*, 136 Idaho 792, 794–95, 41 P.3d 220, 222–23 (2001). Winn contends that the district court gave a strict and narrow reading to the rule that would require an "absolute finding of 'undue prejudice to the opposing party by virtue of the allowance of the amendment' *every* time the party to be included was not notified of the actual *filing* of the Complaint within the applicable statutory limitation period." Winn's argument, however, is without merit.

The issue in *Wait* was whether the defendant received notice within the period provided by law for commencing the action. In a situation similar to the one at bar, the plaintiff failed to name the correct party in her complaint, naming instead a corporation with a name similar to that of the correct party. The plaintiff argued that the period provided by law for commencing an action included the six-month period within which a summons must be served after a complaint is filed. *Id.* at 795, 41 P.3d at 223. The Court disagreed. It held, "The phrase 'within the period provided by law for commencing the action' means before the expiration of the applicable statute of limitations." *Id.* (citing *Hoopes v. Deere & Co.*, 117 Idaho 386, 788 P.2d 201 (1990)). The Court explained that *Hoopes* "expressly rejected" the argument that "the period provided by law for commencing the action" meant the time within which the summons and complaint must be served. *Id.* The Court stated plainly that a civil action is commenced by the filing of a complaint—not by service of process. Thus, the Court held that the plaintiff's amended complaint did not avoid the statute of limitations because it could not relate back to the original filing.

■ Winn offers no reason why the plain language of the rule should not apply in her case. Instead, she argues that Campbell, Inc., was not prejudiced by her failure to name it as a party in a timely manner. The district court held that Rule 15(c) does not mandate that Campbell, Inc., demonstrate

prejudice. Instead, it focused on the fact that Winn failed to give notice to the proper party within the statutory limitations period. The court noted that Campbell, Inc., received notice of the institution of the lawsuit on July 10, 2006, nearly six months after the statute of limitations had expired. Further, the court held that failure to provide notice is sufficient to show that the party would be prejudiced in maintaining its defense. Since we review this issue under an abuse of discretion standard, the fact that the district court wrote a reasoned opinion on the issue is sufficient for us to uphold its decision. Furthermore, this is the correct result.

Winn failed to make a proper investigation of whom to sue. Her fall occurred at the Tumbling Waters Motel, not the Home Hotel. Had Winn bothered to determine where she was actually staying or to find out who operated the Tumbling Waters Motel in 2004, she likely could have discovered the proper party to sue. Instead, her attorney acted on information from prior dealings he had with Campbell and the Tumbling Waters Motel and a brief conversation he had with Campbell in the beginning of 2006. However, the record does not show that Campbell, Inc. received notice of the suit before the statute of limitations expired. In *Noreen v. Price Dev. Co. Ltd. P'ship*, 135 Idaho 816, 25 P.3d 129 (Ct.App.2001), the Court of Appeals held that a complaint could not relate back where service occurred only one day after the statute of limitations had run. *Id.* at 819, 25 P.3d at 132. Here, Winn failed to provide notice to Campbell personally until nearly six months after the statute of limitations ran. Even if notice to Campbell in his personal capacity was sufficient to satisfy the notice requirements for Campbell, Inc., the fact remains that Campbell, Inc., did not receive notice of the lawsuit within the limitations period. Thus, Winn's amendment could not have related back and the district court properly denied the motion to amend.

### C.

■ Winn asserts that the failure of Campbell, Inc., to comply with Idaho's Assumed Business Names Act, I.C. § 53–501–53–511, should be sufficient to toll the statute

of limitations in her case. Campbell, Inc., argues the remedies a plaintiff may claim are limited to those in § I.C. 53–509 and that a tolling of the statute of limitations is not included. The Assumed Business Names Act requires parties doing business in Idaho under an assumed business name to file a certificate of assumed business name with the Secretary of State. I.C. § 53–504. Campbell, Inc., appears not to have filed such a certificate for the Tumbling Waters Motel.

In *Noreen v. Price Dev.*, the Court of Appeals addressed a situation similar to the one at bar. It held the Assumed Business Names Act does not provide a tolling remedy. 135 Idaho at 821, 25 P.3d at 134. In that case, the plaintiff brought a personal injury action against a mall. *Id.* at 817, 25 P.3d at 130. The district court dismissed the complaint for failure to name the correct defendant. *Id.* The plaintiff attempted to amend her complaint to reflect the correct party, but the district court dismissed the amended complaint as untimely. *Id.* at 818, 25 P.3d at 131. The Court of Appeals held that the amended petition did not relate back to the original complaint because the proper party did not receive notice within the statutory period. *Id.* at 819, 25 P.3d at 132. The court also held that the mall's failure to file a certificate of assumed business name did not require that the statute of limitations be tolled, stating "[t]he only remedies or consequences of noncompliance prescribed in the Act itself are those provided in § 53–509." *Id.* at 821, 25 P.3d at 134. Further, it held that "[t]olling of the statute of limitation on a claim against a noncomplying business is not a remedy provided by the legislation." *Id.*

This Court, however, has given some indication that tolling of the statute is possible. In *Wait v. Leavell Cattle,* the Court discussed Idaho's former assumed name statute and concluded that its purpose was to "[p]rotect the public against fraud and to give public information to persons who deal with those who conduct business under a fictitious name." 136 Idaho at 797, 41 P.3d at 225. It concluded that the defendant's conduct in that case did not mislead the plaintiff in any way. *Id.* Therefore, the Court stated that the case did not provide a basis for holding

that the statute of limitations should be tolled. This language, however, indicates that this Court may someday find a situation where tolling would be appropriate.

Today, however, is not that day. This case, like *Wait,* does not provide a situation that might support a tolling of the statute of limitations. Winn failed to find out where her fall took place, and she sued the wrong hotel entirely. The purpose of the Assumed Business Names Act is to ensure disclosure of the true names of persons who transact business in Idaho. I.C. § 53–502. The consequences for noncompliance are found in I.C. § 53–509(1), which prohibits noncompliant parties from maintaining any legal action until they comply with the statute. I.C. § 53–509(2) allows any person who suffers a loss because of another's noncompliance to recover damages and attorney fees. If Winn had filed her suit against Tumbling Waters Motel, where she actually fell, her argument may have had merit because it appears as though Campbell, Inc., has yet to comply with the filing requirement for that hotel. Thus, had Winn attempted to sue the Tumbling Waters Motel, she may not have been able to find the correct party to serve. However, that is not the situation at hand. To toll the statute of limitations in this case would reward Winn for failing to take the simple step of finding out where she fell so that she could attempt to sue the correct party.

## D.

Winn contends Campbell, Inc., should be equitably estopped from asserting the statute of limitations defense because Campbell acted in his own name in a prior case and because he deliberately withheld information from Winn's attorney during a conversation on January 5, 2006. These claims are based on two separate incidents.

The first incident is based on another slip and fall incident that occurred at the Tumbling Waters Motel. A woman named Joyce Stringham filed a complaint against Wayne Campbell, dba Tumbling Waters Motel at Lava Hot Springs, Bear Lake County, Ida-

ho.[1] After filing the complaint with a different attorney, Stringham hired Winn's counsel to represent her. Campbell denied the allegation that he was doing business as Tumbling Waters Motel at Lava Hot Springs, Bear Lake County, Idaho. However, Campbell failed to assert a defense that Stringham sued the wrong party. Campbell and Stringham eventually settled the suit and signed a Release and Indemnity Agreement discharging "Wayne Campbell, individually, and d/b/a Tumbling Waters Motel" of liability.

The second incident is a conversation her counsel had with Campbell on January 5, 2006. Winn's counsel had sent a letter to the "Owner" of the Home Hotel, and Campbell called her counsel in response to the letter. Campbell wanted to speak directly with Winn, and he did not want to submit the case to his insurance. Campbell never told Winn's counsel that Winn's fall occurred at the Tumbling Waters Motel, not the Home Hotel,[2] nor did Campbell tell Winn's counsel that the proper party to sue was Campbell, Inc.—not Campbell individually. At the end of the conversation, Campbell agreed to submit the matter to his insurance. A few days later, Winn sued.

■ Equitable estoppel is the sole nonstatutory bar to a statute of limitation defense in Idaho. *Ferro v. Society of Saint Pius X*, 143 Idaho 538, 540, 149 P.3d 813, 815 (2006). In order to assert equitable estoppel, the plaintiff must establish four elements:

(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice.

*Id.* (quoting *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 126 Idaho 532, 534, 887 P.2d 1039, 1041 (1994)). All elements of equitable estoppel are of equal importance, and there can be no estoppel absent any of the elements. *Regjovich v. First Western Inv., Inc.*, 134 Idaho 154, 158, 997 P.2d 615, 619 (2000) (citation omitted).

■ Regarding the first element, the district court found no evidence of misrepresentation or concealment on the part of Campbell, Inc. In the Stringham case, Campbell's answer specifically denied that he was doing business as Tumbling Waters Motel, although the settlement papers stated otherwise. This, in and of itself, does not constitute a representation that Campbell personally operated the Tumbling Waters Motel. Besides, Winn filed her complaint against Campbell doing business as Home Hotel. Just because Campbell may have given the impression in a prior case that he personally operated a different hotel does not mean he personally operated the Home Hotel. Thus, Winn is not entitled to rely on statements of Campbell in the previous case. And, when he spoke with Winn's counsel on January 5, 2006, he never concealed or misrepresented the true operator of the Tumbling Waters Motel. Campbell called Winn's counsel in response to a letter addressed to the "Owner" of the Home Hotel. Winn's counsel did not question him about who operated the Tumbling Waters Motel. Campbell was not obliged to volunteer any information, especially where he did not know Winn planned on suing. Thus, the district court correctly found there was no misrepresentation or concealment on the part of Campbell, Inc.

■ With regard to the second element of equitable estoppel, "Idaho courts have long determined that one may not assert estoppel based upon another's misrepresentation if the one claiming estoppel had readily accessible means to discover the truth." *Regjovich*, 134 Idaho at 158, 997 P.2d at 619. In *Regjo-*

---

1. Lava Hot Springs is not in Bear Lake County, Idaho.

2. The record does not disclose any discussion by either party to the conversation as to where the fall occurred or that Campbell had any independent knowledge of Winn's fall at the Tumbling Waters Motel.

*vich,* the Court refused to find equitable estoppel where the plaintiff had the "time and means" to discover the true owner of the property. *Id.* at 159, 997 P.2d at 620. The Court found it "troublesome" that a party had "misstated" the ownership of the property but found the plaintiff's failure to use reasonable diligence to discover the true owner the overriding factor. *Id.* It goes almost without saying that Winn could have made at least some effort to discover the name of the hotel where she tumbled. Rather than doing so, she appears to have assumed she stayed at the Home Hotel since that was the hotel through which the room registration was made. Winn's counsel did try to find who operated the hotel. He searched the Idaho Secretary of State's records for the registered agent for Home Hotel. He did not, however, search for the Tumbling Waters Motel.[3] Winn's counsel filed suit against the Home Hotel, apparently based on information supplied by Winn. This information was, of course, faulty, as some inquiry on her part would have shown. Under *Regjovich,* Winn's failure to use reasonable diligence prohibits her from claiming equitable estoppel.

Thus, equitable estoppel does not prohibit Campbell, Inc., from asserting the statute of limitations.

### E.

▇ Campbell requested fees under I.C. § 12–121, contending that this appeal was brought and pursued frivolously, unreasonably, and without foundation. We agree and award Campbell his attorney fees on appeal pursuant to I.C. § 12–121.

▇ Campbell also seeks Rule 11 sanctions against Winn's counsel, contending he failed to perform even a cursory investigation into the facts of Winn's case. In *Riggins v. Smith,* 126 Idaho 1017, 895 P.2d 1210 (1995), this Court said that an attorney is required to perform a prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by Idaho R. Civ. Pro. 11 ("Rule 11"). *Id.* at 1021, 895 P.2d at 1214 (citing

*Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 95, 803 P.2d 993, 1001 (1991)). There, the attorney failed to perform even a cursory investigation into accidents he knew had occurred, and instead relied on his client's statement that she suffered injuries only from the accident the attorney was litigating. Further, the attorney had represented the same client on a criminal matter that should have triggered inquiry into his client's later civil matter. Thus, the Court upheld an award of sanctions for his failure to make a preliminary investigation.

Winn's counsel's conduct does not rise to the level where he must answer to Rule 11 sanctions. It appears as though he reasonably relied on his client's statements about which hotel she visited. Nothing in the record appears to have triggered further inquiry, especially as the hotel room was registered through the Home Hotel. Thus, Rule 11 sanctions against Winn's counsel are unwarranted.

### III.

We affirm the district court and award attorney fees and costs to Campbell.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON concur.

---

**3.** Currently, the Idaho Secretary of State does not reveal an entry for the Tumbling Waters Motel.