# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43695

| | | |
|---|---|---|
| GERALYN GALLAGHER, | ) | |
| | ) | Twin Falls, November 2016 Term |
| Plaintiff-Appellant, | ) | |
| | ) | 2017 Opinion No. 1 |
| v. | ) | |
| | ) | Filed: January 19, 2017 |
| BEST WESTERN COTTONTREE INN, | ) | |
| SNAKE RIVER PETERSEN PROPERTIES, | ) | Stephen Kenyon, Clerk |
| LLC, a Wyoming Close Limited Liability, | ) | |
| and DOES 1 through 10 inclusively, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Alan C. Stephens, District Judge.

The judgment dismissing the complaint is <u>vacated</u> and the case is <u>remanded</u> for proceedings consistent with this opinion.

Browning Law, Idaho Falls, for appellant. Alan Browning argued.

Moore & Elia, LLP, Boise, for respondent. Steven R. Kraft argued.

_____

HORTON, Justice.

This is an appeal from the district court's order granting summary judgment and dismissing Geralyn Gallagher's (Gallagher) lawsuit against the Best Western Cottontree Inn (the Hotel) and Snake River Peterson Properties LLC (Snake River). The district court held that the amended complaint did not relate back to the date of the original filing and that the statute of limitations was not tolled by Snake River's failure to file a certificate of assumed business name. We vacate and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gallagher was injured when she fell on a wet floor at the Hotel on July 10, 2012. There is only one Best Western Cottontree Inn in Idaho. The Hotel was owned and operated at that time by Snake River. In preparing to file this suit, Gallagher searched the Secretary of State's database to determine who owned the Hotel. According to the database, the Hotel was owned by

1

L & L Legacy Limited Partnership (L & L) and the certificate of assumed business name was current. Snake River acquired the Hotel before Gallagher's injury but failed to file a certificate of assumed business name with the Secretary of State's office.

On July 9, 2014, Gallagher filed this suit. After filing the complaint, Gallagher attempted to serve Scott Eskelson, who was authorized to accept service on behalf of L & L. The record does not show when Gallagher attempted to serve Eskelson. Mr. Eskelson refused to accept service and informed Gallagher that the Hotel had been sold to Snake River and that Snake River owned the Hotel at the time Gallagher was injured. Gallagher filed a motion to extend the time for service on January 8, 2015. The motion was granted on January 14, 2015. On April 9, 2015, an amended complaint and summons was served on Snake River. Gallagher and Snake River filed a stipulation to dismiss L & L. On June 4, 2015, L & L was dismissed from the case with prejudice.

Snake River filed a motion for summary judgment in which it argued that it had not been timely joined in the case and that the amended complaint should not relate back to the time the first complaint was filed. Following a hearing, the district court granted Snake River's motion for summary judgment and dismissed the case. Gallagher filed a motion to reconsider, which the district court denied. Gallagher timely appealed.

## II. STANDARD OF REVIEW

"When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion." *Winn v. Campbell*, 145 Idaho 727, 729, 184 P.3d 852, 854 (2008) (citing *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005)). Summary judgment is proper when, "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). "If there is no genuine issue of material fact, 'only a question of law remains, over which this Court exercises free review.'" *Winn*, 141 Idaho at 729, 184 P.3d at 854 (quoting *Watson*, 141 Idaho at 504, 112 P.3d at 792).

## III. ANALYSIS

The facts of this case as they relate to the issues on appeal are not in dispute. Neither party disputes that Snake River failed to file a certificate of assumed business name with the Secretary of State's office. Additionally, it is undisputed that Snake River did not receive notice

of this claim until it was served with the amended complaint on April 9, 2015. The only questions presented by this appeal are whether the amended complaint relates back to the date of the original complaint and whether the statute of limitations should be tolled[1] due to Snake River's failure to file the certificate of assumed business name. These issues will be discussed in turn.

**A. Relation back under Idaho Rule of Civil Procedure 15(c).**

Gallagher contends that the amended complaint should relate back to the date that she filed the original complaint. Gallagher argues that because complaints can be amended at any time, and because the original complaint was filed within the statute of limitations, the amended complaint should relate back to that time. The district court found that because Gallagher was amending her complaint to name a new defendant, Idaho Rule of Civil Procedure 15(c) applied. Because Snake River did not have notice of the suit within the statute of limitations, the district court held that the amended complaint could not relate back. The district court's conclusion was correct.

Idaho Rule of Civil Procedure 15(c) states,

> [a]n amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) know or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

I.R.C.P. 15(c). This Court has found the phrase, "within the period provided by law for commencing the action" to mean within the statute of limitations. *Wait v. Leavell Cattle Inc.*, 136 Idaho 792, 795, 41 P.3d 220, 223 (2001) (citing *Hoopes v. Deere & Co.*, 117 Idaho 386, 389, 788 P.2d 201, 204 (1990)). In *Wait*, the plaintiff attempted to amend her complaint to name a

---

[1] The district court and the parties have used variations of the verb "toll" in their analysis of the effect of Snake River's failure to file a certificate of assumed business name with the Secretary of State. This Court has recently used the term in this context in *Winn* and *Ketterling v. Burger King Corp.*, 152 Idaho 555, 272 P.3d 527 (2012). In doing so, we have been using a convenient shorthand.

"[E]stoppel does not eliminate, toll, or extend the statute of limitations." *City of McCall v. Buxton*, 146 Idaho 656, 664, 201 P.3d 629, 637 (2009); *Ferro v. Soc'y of Saint Pius X*, 143 Idaho 538, 540, 149 P.3d 813, 815 (2006). Rather, estoppel "bars a party from asserting the statute of limitations as a defense for a reasonable time after the party asserting estoppel discovers or reasonably could have discovered the truth." *Id*. Our use of various forms of "toll" in this opinion refers to whether Snake River is estopped from asserting the statute of limitations as a defense.

new party. *Id.* at 794, 41 P.3d at 222. The district court found that the amended complaint did not relate back to the filing date of the original complaint because, while the defendant had notice of the suit within the time allowed for service of process, the plaintiff was unable to show that the defendant had notice of the suit before the statute of limitations expired. *Id.* at 795, 41 P.3d at 223.

In this case, it is undisputed that Snake River did not receive notice of the suit until it was served with the amended complaint on April 9, 2015. The statute of limitations for personal injury claims is 2 years. I.C. § 5-219. As Gallagher was injured on July 10, 2012, the statute of limitations expired on July 10, 2014. Because Snake River did not receive notice of the suit before July 10, 2014, Gallagher failed to meet the requirements of Idaho Rule of Civil Procedure 15(c) and the amended complaint does not relate back to the date the original complaint was filed.

**B. Tolling the Statute of Limitations.**

Gallagher next asserts that the statute of limitations should be tolled because Snake River failed to file a certificate of assumed business name with the Secretary of State. The district court found that because Gallagher's only search was of the Secretary of State's database, Gallagher did not exercise reasonable diligence in ascertaining the proper party. Because Gallagher did not exercise reasonable diligence in ascertaining the correct party to sue, the district court declined to toll the statute of limitations.

Idaho Code section 53-504[2] provides that "[a]ny person who proposes to or intends to transact business in Idaho under an assumed business name shall before beginning to transact business, file with the secretary of state a certificate of assumed business name in a form proscribed by the secretary of state." I.C. § 53-504(1). The purpose of the statute "is to ensure disclosure on the public record of the true names of persons who transact business in Idaho." I.C.

---

[2] Chapter 5, Title 53 of the Idaho Code was repealed effective July 1, 2015, 2015 Idaho Sess. L. ch. 251, § 3, p. 1047. Idaho Code section 53-504 was replaced by Idaho Code section 30-21-805. 2015 Idaho Sess. L. ch. 243, § 14, p. 784. The new statute imposes similar requirements upon those who operate under assumed business names. The newly enacted statute provides:

(a) Any person who proposes to or intends to transact business in Idaho under an assumed business name shall, before beginning to transact business, deliver to the secretary of state for filing a certificate of assumed business name in a form prescribed by the secretary of state.
(b) A separate certificate of assumed business name must be filed for each assumed business name a person uses.

I.C. § 30-21-805. This opinion will address the operation of the provisions of Chapter 5, Title 53, Idaho Code which were in effect at the relevant time.

4

§ 53-502. The consequences of failing to file a certificate are provided by Idaho Code section 53-509. Section 53-509 provides that a business may not maintain a legal action in Idaho until it complies with the statute. I.C. § 53-509(1). It further provides that "[a]ny person who suffers a loss because of another person's noncompliance with the requirements of this chapter shall be entitled to recover damages in the amount of the loss, and attorney fees and costs incurred in connection with recovery of damages." I.C. § 53-509(2). While this Court has previously suggested that we would consider tolling that statute of limitations where a party failed to file a certificate of assumed business name, we have never been presented facts that would warrant a tolling. *See Winn v. Campbell*, 145 Idaho 727, 184 P.3d 852 (2008); *see also Ketterling v. Burger King Corp.*, 152 Idaho 555, 272 P.3d 527 (2012). The facts of this case are readily distinguishable from both *Winn* and *Ketterling* and would likely qualify under the standard announced in those cases, however we find that the statutory remedy is adequate and so decline to apply an equitable remedy in this case. By so holding, we depart from our previous indication in *Winn* and *Ketterling* that we might find circumstances justifying tolling the statute of limitations when a defendant has failed to file a certificate of assumed business name.

As footnote 1 indicates, although the parties and the Court have referred to the remedy sought in this case as tolling the statute of limitations, it is more accurate to say that Gallagher seeks to apply the doctrine of equitable estoppel. It is a fundamental principle that equitable remedies are only available when "there is no adequate remedy at law and if sufficient grounds to invoke equity, such as mutual mistake, fraud, or impossibility, are present." *AED, Inc. v. KDC Investments, LLC.*, 155 Idaho 159, 166, 307 P.3d 176, 183 (2013). In cases where a business fails to file a certificate of assumed business name and another party suffers damage, we hold that there is an adequate statutory remedy at law. Thus, there is no reason to apply the equitable remedy of tolling the statute of limitations.

Idaho Code section 53-509(2) provides a cause of action for parties who suffer damages as a result of a party's failure to file a certificate of assumed business name. In a case where the plaintiff has been misled to his or her prejudice resulting in the failure to timely name the proper defendant before the expiration of the statute of limitations, the plaintiff's damages will include the lost opportunity for recovery in the original action. Thus, in order to recover in a case such as this, the plaintiff must show that she would have prevailed in her personal injury action and the amount of damages she would have recovered, in addition to any other damages that may have

5

been proximately caused by the defendant's breach of its statutory duty. As this is a statutory remedy, a party must bring this action within 3 years of the accrual of the cause of action. I.C. § 5-218.

Here, although Idaho Code section 53-509(2) was at the heart of the issue before the district court, because of our previous statements the parties and the district court understandably directed their attention to the question whether the statute of limitations should be tolled without consideration of the available legal remedy. Although we find that the district court correctly dismissed Gallagher's personal injury action due to the expiration of the statute of limitations, we remand this case in order to give the district court the opportunity to entertain a motion to amend the complaint to assert a cause of action against Snake River under Idaho Code section 53-509(2). In view of this result, we find that there is no prevailing party.

## IV. CONCLUSION

We vacate the judgment of the district court dismissing Gallagher's complaint and remand for further proceedings consistent with this opinion.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.